8 U.S. 367
 4 Cranch 367
 2 L.Ed. 649
 SHEARMAN
v.
IRVINE'S LESSEE.
 February Term, 1808
 
 1
 ERROR to the circuit court for the district of Georgia, in an action of ejectment, brought (on the 15th of October, 1804,) by Irvine's lessee against Shearman, for a tract of land in Camden county, in the state of Georgia.
 
 
 2
 The defendant below took a bill of exceptions to the refusal of the court, to non suit the plaintiff on the trial, because he had not proved 'an entry within seven years after the title of the grantees accrued, or any entry by either of the heirs or persons claiming under the grantees within seven years after their titles respectively accrued.'
 
 
 3
 The lessor of the plaintiff had produced in evidence two grants from the province of Georgia, in 1766, to Alexander Baillie, under whom he claimed title by descent, and whose heir at law he had proved himself to be.
 
 
 4
 There was no evidence of title, or even of adverse possession on the part of the defendant, before the bringing of the suit, other than the averment of ouster, in the declaration, which was laid on the 10th of September, 1804; nor any evidence of title out of the lessor of the plaintiff.
 
 
 5
 In support of his motion for a nonsuit, the defendant relied on the act of limitations of Georgia, passed in the year 1767, by which it is enacted 'That all writs of formedon in descender, remainder, and reverter of any lands, &c. or any other writ, suit or action, whatsoever hereafter to be sued or brought by occasion, or means of any title heretofore accrued, happened, or fallen, or which may hereafter descend, happen, or fall, shall be sued or taken within seven years next after the passing of this act, or after the title and cause of action shall or may descend or accrue to the same, and at no time after the said seven years. And that no person or persons that now hath, or have any right or title of entry into any lands, &c. shall at any time hereafter make any entry, but within seven years next after the passing of this act, or after his or their right or title, shall or may descend or accrue to the same, and in default thereof, such person so not entering, and their heirs, shall be utterly excluded and disabled from such entry after to be made.'
 
 
 6
 The verdict and judgment below, being against the defendant, he sued out his writ of error.
 
 
 7
 There being no appearance in this court for the plaintiff in error,
 
 
 8
 P. B. Key, for the defendant in error, opened the record, and prayed an affirmance of the judgment;
 
 
 9
 1. Because from the facts disclosed, after the descent had been cast nearly thirty years, and no adverse possession at any time proved, the jury had a right to presume and find and actual entry within seven years; if such actual entry was necessary.
 
 
 10
 2. Because, in this case, on the facts disclosed, no entry was necessary. Two things only must concur to complete a title. Possession, and the right of property. The right of property is proved to be in the plaintiff as heir of the patentee; and possession by operation of law, accompanies the title, unless the contrary is shewn; and until it is shewn.
 
 
 11
 If possession is taken by a wrong-doer, and severed from the title (of which there is no evidence in this case) then such naked possession, so acquired, may be defeated, either by entry of the owner, which is an act in pais, revesting the possession, and again uniting it with the right; or by ejectment, which is an act of law, to recover the possession with damages, &c.
 
 
 12
 If a wrong-doer, after taking possession, dies in possession, and a descent is cast, this, under some circumstances, changes the title to a right of entry, or rather makes an actual entry necessary to give effect to the title. There are many cases in which actual entry is necessary to reunite the title with the possession, and for these cases the law of Georgia was made. But it cannot apply to a case where the title and the possession have not been separated.
 
 That law requires two things:
 
 13
 1st. When the right is changed to a mere right of entry, or where an entry is indispensable to complete the title, then such entry must be within seven years from the accruing of such right of entry. But this does not apply to the case on the record. No disseisin, discontinuance, descent, or adverse possession existed, to make an actual entry necessary on the part of the plaintiff. The title and the possession were both in him.
 
 
 14
 2d. The statute gives remedy by ejectment within seven years after the cause of action accrued. In this case no cause of action accrued till the 10th of September, 1804, when the plaintiff's possession was disturbed. So long as it remained undisturbed he could not bring suit.
 
 
 15
 MARSHALL, Ch. J.
 
 
 16
 The error alleged, is founded on a construction of the act of Georgia, which this court thinks is totally inadmissible. How such an opinion could have been entertained is unaccountable. There is no foundation for it.
 
 
 17
 Judgment affirmed with costs.