## CITIZENS BANK OF HATTIESBURG v. TRACY.

[82 South. 307, Division A. No. 20790.]

1. DISCOVERY. *Bill of. Remedy.*
   The remedy afforded by Code 1906, section 1003 (Hemingway's Code, section 723), to compel a party litigant to produce evidence is not exclusive, and a litigant may resort to a bill of discovery authorized by the Constitution of 1890, section 160. Therefore a bill for discovery is not open to demurrer on the ground that a litigant had a remedy at law under the statute.

2. SAME.
   The auxiliary jurisdiction of the chancery court to courts of law, as provided by the constitution is not repealed by section 1003, Code 1906 (Hemingway's Code, section 723).

APPEAL from the chancery court of Forest county. HON. W. M. DENNY, Chancellor.

Bill for discovery by A. R. Tracy against the Citizens Bank of Hattiesburg. From a decree overruling a demurrer to the bill, defendant appeals.

A. R. Tracy, the appellee, brought a suit in the circuit court of Forrest county, Miss., to recover the principal

and interest of a loan which he alleged was made to certain persons by the Citizens' Bank, on which loan he alleges the Citizens' Bank charged more than twenty per cent. interest per annum. Tracy claims that he holds the claim by assignment, but does not state whether the assignment was in writing or not, and brings the suit as assignee to recover the full principal and interest. He afterwards filed a bill in the chancery court of Forrest county, Miss., setting up the fact of the suit pending in the circuit court of said county, and filed as an exhibit to this bill a copy of the declaration and all exhibits thereto. The bill prayed for a discovery in aid of the suit at law. The bill was not a bill for discovery and relief in chancery. The Citizens' Bank demurred to the bill in chancery for several reasons, and especially relied upon the ground of demurrer that the complainant had a full, adequate, and speedy remedy at law, and that the statute (section 1003 of the Mississippi Code of 1906) furnished him a full and complete remedy in the court of law, and that under such statute the circuit court had power to grant all of the relief and to require the defendant to make all of the discovery and disclosure that the chancery court had. There were other grounds of demurrer, one of which was, as stated, that the complainant did not show by his bill that he had a written assignment of the cause of action, and that he therefore was not entitled to maintain the suit in his own name, and if he did have a written assignment of the clause of action it was his duty to file it as an exhibit to the bill of complaint. The chancery court overruled the demurrer, but granted an appeal to the Supreme Court, with *supersedaes* to settle the principles of the cause.

*T. C. Hannah* and *Sullivan & Sullivan,* for appellant.

The case of *Keystone Lumber Yards* v. *M. & M. V. R. R. Co.,* 96 Miss. 116, and other cases in this state

cited by counsel, are not in point and do not decide this question.   The bill in this case was purely a bill for discovery.   No other relief was sought than discovery. In the cases cited by counsel in Mississippi, discovery and relief were asked for, and of course equity had jurisdiction under such conditions.   Counsel quotes from the opinion in the case of *Keystone Y. & M. V. R. R. Co.,* 96 Miss. 116, at page 4 of their brief, as follows):

"Even if the bill were for discovery alone,  the fact that the plaintiff might have examined the witnesses and secured documentary evidence at law, did not oust the chancery court of its original jurisdiction to entertain the 'bill for discovery.   And this was the law prior to the Constitution of 1890."

The court will bear in mind, however, that the bill in the case from which the above quotation was taken, was a bill for discovery and full relief, and that the matter for the decision of the court was whether or not the court of equity had jurisdiction of a bill for discovery and full relief.   We quote from the opinion on page 122, as follows:  "The bill filed in this case was for discovery and for a decree for the amount or reciprocal demurrage charges; in other words for full relief." These being the facts of the case, the quotation from the opinion above by counsel, is not the law of the case, but was a mere side remark of the court rendering the opinion.

There was no question before the court of a bill for discovery only, and therefore, nothing of that kind was before the court for decision.   The judge who made the remark quoted above, was simply crossing the bridge before he got to it, which is the same as not crossing the bridge at all.   This court had now reached the bridge and must cross it and it is time enough now to announce the law, and now is the time to do it.

The leading case, relied upon by counsel, in the case of *Mixon* v. *Clearcreek Lumber Co.,* 159 Ala. 602, 9 L.

R. A. (N. S.) 1255, 41 So. 805.   The Alabama court in the above case, did not have before it the single question of a pure bill  of discovery. We quote from the opinion of the court in that case, as follows: ''The bill in this case was for a discovery and for the injunction of certain judgments until the  amount of complainant's set-off could be ascertained and applied against said judment.''    The statement of facts in the case is rather lengthy but the foregoing quotation shows to the court that the Alabama court was not passing upon a mere question of discovery alone under the facts of that case, but also had for consideration the question of an injunction against the enforcement of certain judgments. For this reason, the lengthy argument made by the Alabama court and quoted by counsel, is not sound as a legal argument and especially so, as the law of the case because the court was not justified under the facts in going into the question of whether equity still retains jurisdiction of a pure bill of discovery after the enactment of the statutes, giving the law court the power to take care of itself.

We submit that the Alabama case ought not to be followed by this court and that the opinion it rendered is too broad and was not based on a mere bill of discovery only. The court will find in the Alabama case that a part of the opinion was devoted to a discussion of the right to resort to equity to enforce a set-off, and that this right was upheld.   So it is seen that the Alabama bill was not one for pure discovery.   It will also be seen from that opinion, that the Alabama court quotes Mr. Pomeroy as holding to the contrary to its ruling. In Pomeroy's Equity, volume 1, second edition, section 83, will be found a discussion of the auxiliary jurisdiction in equity, and the statement to the effect that said jurisdiction is obsolute when statutes have been enacted giving the law court the power to take care of themselves.   In section 142 of the same work, it is declared

that the suit for discovery to obtain an answer under oath from a party to a pending or anticipated action at law, and suits for the perpetuation of evidence, and, suits for obtaining evidence in a foreign country, are practically obsolete in this country, having been superseded by more summary and efficient proceedings authorized by statutes.   See, also, for further discussion section 193, 194, 209 and 281, of the same work.

The bill of discovery grew up in equity out of necessity on account of the hard rules of the law court, and equity came to the relief of the law court and procured information for it by bill of discovery which that court had no power to procure for itself.   Since the enactment of our statutes there is absolutely no need for a bill of discovery and the law court is able to take care of itself.   The reason for the rule having ceased the rule ceases.   It is so manifest that section 160 of the Constitution has no bearing on this case, that we deem discussion unnecessary.

*Wells, May & Sanders* and *Talley & Mayson,* for appellees.

Appellant's main contention, in fact the only contention worthy of serious consideration is that its demurrer to the bill should have been sustained upon the ground that complainant had a full, adequate and speedy remedy at law by virtue of the provisions contained in section 1003 of the Mississippi Code of 1906.   In other words, that the legislature invested the law court with power to compel discovery by virtue of this statute and, hence, the inherent power of the court of equity to compel discovery has been abrogated.   Some of the text writer's and the courts of some States as well as some federal jurisdictions, have sustained this view, but the contrary has been firmly established by section 160 of our constitution, and the following decision of

our own supreme court: *Keystone Lumber Yards* v. *Y. & M. V. R. R. Co.,* 96 Miss. 116, 50 So. 445; *Woods* v. *Riley,* 72 Miss. and 77, 18 So. 384; *Millsaps* v. *Pfeifer,* 44 Miss. 807. The authority for this proceeding is stated in 9 R. C. L. pages 164 and 165; *Howell* v. *Ashmore,* 9 N. J. Eq. 82, 57 Am. Dec. 371. Notes 93 A. S. R. 550; 112 A. S. R. 550; 112 A. S. R. 446; 135 A. S. R. 1024, Notes 22; Am. Dec. 292; 45 Am. Dec. 307; 32 L. R. A. 35.

Thus we see that the power to enforce discovery is predicated of the original inherent powers of the court of equity, and being such a power is perpetuated by section 160 of the Mississippi Constitution 1890, reading as follows: "In all cases where said court (chancery court) heretofore exercised jurisdiction auxiliary to courts of common law, it may exercise such jurisdiction and grant the relief sought, although the legal remedy may not have been exhausted."

Power to compel discovery not superseded by statute.

In support of this statement the author cites in note following: "In some jurisdictions it is considered that original equity jurisdictions as to discovery is not destroyed by the statutory discovery, unless it is expressly so provided by the statute, nor is it taken away by statutory provisions whereby parties are made competent witnesses."

In support of this statement the author cites in note 2 numerous cases, including our own Mississippi case. *Keystone Lumber Company* v. *Yazoo & Mississippi Valley Railroad Company,* 96 Miss. 116, 50 So. 445, Annotate dcases 1912A. 901. The same rule has been declared by the supreme court of Alabama in a leading case, *Nixon* v. *Clear Creek Lumber Company,* 150 Ala. 602, 9. L. R. A. (N. S.) 1255, 43 So. 805, holding that equity is not divested of its ancient and original jurisdiction, though jurisdiction is conferred upon law court. Pomeroy's Eq. Jur. (1 Ed.), pp. 185, 186, sec. 193. Un-

der the title "Discovery," sections 4 to 14, Cyc., p. 309, and to note to *Cargill* v. *Kountze Bros.*, 24 L. R. A. 183. But we think the best "considered cases, as well as the reason of the law to sustain the proposition that the statutory provisions do not interfere with the equitable jurisdiction in matters of discovery, unless it is so specially provided in the statute. *Howell* v. *Ashmore,* 9 N. J. Eq. 82, 93, 57 Am. Dec. 371; *Shotwell's Ad'x* v. *Smith,* 20 N. J. Eq. 79; *Miller* y. *U. S. Causalty Co.,* 61 N. J. Eq. 110 116, 117, 47 Atl. 509. In our own state, in addition to the general statute making parties witnesses, section 1859 of the Code of 1906, provides (as did previous Codes) for filing interrogatories to the opposing party and section 1859, enacted December, 1894), provides for requiring the parties to produce books or writings in their possession or power. The general subject came before our court in 1872, and the court said: "We do not think that, because our present law of evidence enables the plaintiff to examine the defendant as a witness, his right to proceed in equity is thereby taken away." *Cannon* v. *McNab,* 48 Ala. 99, 102. This court said again: "It is quite clear, however, that this well-established jurisdiction of equity in matters of discovery is not ousted, or in any wise affected by the statutory changes in the common-law rule of evidence, by which parties to pending suits are authorized to be examined as witnesses in the courts of this state." *Shackleford* v. *Bankhead,* 72 Ala. 479. In neither of these cases was there any question about the production of a book, but the principle evidently was, just as in the cases from other states cited, that, although the statutes had provided a cumulative method by which the discovery could be obtained, "yet the original jurisdiction remained in the court of equity. *Continental Life Ins. Co.* v. *Webb,* 54 Ala. 697; *Handley* v. *Heffin,* 84 Ala. 600, 602, 603, 4 So. 725; *Wood* v. *Hudson,* 96 Ala. 469,

471, 11 So. 530; *V. & Ala. Mining & Mfg. Co.* v. *Hale & Co.* 93 Ala. 542, 545, 546, 9 So. 256.

He filed his suit in the chancery court to compel the bank to discover the exact amount paid from time to time and to furnish all documentary evidence in its possession essential to the establishment of his claim. It was charged in the bill and admitted by the demurrer that such proof was available and indispensable to plaintiff's suit at law, and that the evidence was under the exclusive control and possession of the defendant bank, which had refused to disclose the information to the plaintiff. The chancellor very promptly and properly overruled the demurrer to this bill for discovery, and ordered the defendant to make the discovey prayed for. We respectfully submit the chancellor's decree was right and should be affirmed.

HOLDEN, J., delivered the opinion of the court.

The remedy afforded by section 1003, Code of 1906 (section 723, Hemingway's Code) is not exclusive. A party litigant in the circuit court may resort to the remedy given by the above section in order to compel the production of evidence to be used in the trial of the case, or he may file a bill in the chancery court for discovery in aid of his suit at law. The above-mentioned statute might furnish the same adequate relief that is obtainable by a bill of discovery, but nevertheless it is only a cumulative or an additional remedy of discovery to that given by the law and our Constitution of 1890 (section 160). Of course, the auxiliary jurisdiction of the chancery court to courts of law, as provided by the Constitution, is not repealed by the said section 1003, Code of 1906, section 723, Hemingway's Code.

The decree of the lower court overruling the demurrer is affirmed, and the cause remanded, with a leave of sixty days in which to plead further.

*Affirmed and remanded.*