SOVEREIGN CAMP, W. O. W., *v.* PENN.

(Division A. May 27, 1935.)

[161 So. 681. No. 31688.]

Eastland, Eastland & Ormond, of Forest, for appellant.

P. M. Lee and O. B. Triplett, Jr., both of Forest, for appellee.

Argued orally by J. O. Eastland, for appellant, and by O. B. Triplett, Jr., for appellee.

Smith, C. J., delivered the opinion of the court.

The appellant is a fraternal life insurance order of which the appellee was for a number of years a member.

Claiming that the appellant had wrongfully canceled and declared that it would no longer recognize his certificate of membership and insurance, the appellee sued the appellant for, and recovered, the amount of the monthly assessments paid by him to it.

The appellant contends that the court below should have granted its request for a directed verdict; and, if not, that two of the appellee's instructions to the jury are wrong.

■ The appellant's request for a directed verdict. The grounds of this complaint are: (1) The appellee's certificate of insurance lapsed because of his failure to pay a monthly assessment thereon; and (2) the measure of damages for breach of the appellant's contract of insurance is not the amount of assessments or premiums paid thereon.

The appellee claims that he had deposited, with the appellant, money sufficient to pay, and for the purpose of paying, the assessment he is alleged to have failed to pay, which claim, on the evidence, was clearly for the determination of the jury.

The amount of the assessments paid by the appellee is not the measure of his damages, according to the authorities. When a life insurance company wrongfully cancels its policy of insurance, the insured may ignore the cancellation and keep the policy in force by paying, or offering to pay, the premiums thereafter becoming due thereon; or he may sue in equity to set aside the cancellation, or he may treat the cancellation as anticipatory breach of the contract and sue for the damages thereby sustained by him. 32 C. J. 1265.

According to the authorities there are several ways of measuring his damages, but there is a conflict therein as to whether, when the policy is valid and the risk has attached, one of the measures is the amount of the premiums he has paid on the policy. The ground on which the decisions holding this to be a proper measure of the

damage is that the insured has received no benefit from the payment of the premiums, and, therefore, it would be unjust to permit the insurer to retain them. The fallacy in this reasoning is the assumption that the insured has received no benefit from the payment of the premiums. By paying the premiums the insured kept the policy in force, imposed the cost of carrying it on the insurer, and subjected the latter to liability thereon had the event, on the happening of which the policy becomes payable, occurred. The liability of the insurer was of value to the insured. As said by the court in Mutual Reserve Fund Life Ass'n v. Ferrenbach (C. C. A.), 144 F. 342, 345, 7 L. R. A. (N. S.) 1163, "There is no more reason for saying that an insured has nothing of value until he dies, than there is for saying that one is not benefited by a policy of fire insurance unless his house is destroyed by fire." While there is no decision of this court directly in point, the case of Germania Life Ins. Co. v. Bouldin, 100 Miss. 660, 56 So. 609, is of value. One of Bouldin's complaints there was that his policy was not the one he applied for and thought he had obtained. The court below so held and awarded him a recovery of the premiums paid by him on the policy, saying: "We do not know of any principle upon which this decree can be sustained. 'It is a faithful saying, worthy of all acceptation,' that when a party comes into a court of equity he is required to do equity, and it is clear, under the facts of this case, that if the complainant had died at any time during the life of this policy—that is, within the fifteen years—the company would have been required to have paid the beneficiary the full amount the policy called for, to-wit, three thousand dollars. In other words, the company would not have been in position to have claimed that the policy was not in full force and effect. It was surely bound thereon, and the complainant having received the protection for the fifteen years, is ex aequo et bono compelled to pay for this pro-

tection. It certainly would be inequitable and unjust to require the insurance company to refund the total amount of the premiums received by it, together with the legal interest thereon; but, upon the other hand, it is right and proper that the amount should be charged out of this sum with whatever amount was sufficient to carry the insurance for the period prescribed by the policy. However that may be, we take a very different view of this case from what the learned chancellor in the court below did.'' We therefore hold that the amount of the premiums paid is not the measure of damages here. Cf. Odd Fellows Benefit Association of Grand United Order of Odd Fellows, etc., v. Cornelia Smith (Miss.), 161 So. 115, recently decided. We express no opinion on whether the insured can recover the premiums less the cost to the insurer of carrying the policy, as intimated in the case of Germania Life Ins. Co. v. Bouldin, supra, and probably held in Lovell v. St. Louis Mutual Life Ins. Co., 111 U. S. 264, 4 S. Ct. 390, 28 L. Ed. 423.

While the appellee was not entitled to the damages recovered, he was entitled to nominal damages, and the requested instruction would have prevented the jury from so awarding him.

■ One of the instructions complained of by the appellant is unexceptionable; the other is as follows: ''The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence, if any, that prior to the 30th day of November, 1932, and prior to the 31st day of December, 1932, there was in the hands of the defendant or its authorized agent money in a sufficient amount to keep in force the plaintiff's certificate here sued on, and that on January 23, 1933, the plaintiff had not become delinquent for twelve preceding months in the payment of his required installments or assessments, and that on said date, the defendant wrongfully suspended the plaintiff and wrongfully repudiated

its contract with the plaintiff, then it will be your duty to find for the plaintiff."

We are unable to definitely determine from the pleadings and the evidence whether the breach of the contract complained of occurred on January 23d, or in March or April thereafter. This may be cleared up on another trial. Otherwise the instruction seems to be correct.

Reversed and remanded.