CALLENDER *v.* LAMAR LIFE INS. CO.

(Division A. June 20, 1938.)

[182 So. 119. No. 33260.]

Chalmers Potter and Henry Barksdale, both of Jackson, and R. L. Jones, of Brookhaven, for appellant.

612

Wells, Wells & Lipscomb, of Jackson, for appellee.

Argued orally by **Chalmers Potter,** for appellant.

**McGowen, J.,** delivered the opinion of the court.

On September 22, 1937, the appellant filed a declaration against the appellee, the Lamar Life Insurance Company, seeking to recover the face value of Policy Number 86,819, not exhibited with the declaration. The appellee appeared and filed a plea of the general issue; a plea of res judicata, and a plea setting up the six year Statute of Limitations. Code 1930, section 2292. The appellant filed separate demurrers to each of said pleas which were overruled by the court, and the appellant declining to plead further the court entered a final judgment in favor of the appellee, from which this appeal is prosecuted.

The declaration alleged the issuance of the policy; the payment of the first premium thereon, and that W. E. Watts delivered said policy to William C. Callender in his lifetime and received the premium then due, and that it was the custom of said Watts to receive premiums, other than the first, in the territory in which he was agent for the appellee, and to remit such collections to appellee at its home office in Jackson, Mississippi. The declaration specifically alleged that Watts was authorized by the appellee to collect the premiums herein referred to, and that this practice and custom had been acquiesced in for a long period of time by appellee with its full knowledge, and that this fact was well known to the said Callender, the insured. The declaration further alleged that on June 26, 1931, the said William C.

Callender paid to Watts, as district manager of the appellee, a sum sufficient to pay the third quarterly premium due on said policy in time for him to remit same to the Home Office in Jackson, Miss.; that appellee, notwithstanding said payment, notified William C. Callender that the payment, so made by him had not been received until after the days of grace had expired, to-wit, on June 27, 1931, and that thereafter said William C. Callender repeatedly requested, but was refused, reinstatement, the appellee stating that the policy was void and of no effect, and that no further premiums would be received by it, although Callender was ready, willing and able, at all times prior to his death, to pay and would have paid the premiums subsequently accruing thereon. The declaration further alleged the death, on January 29, 1934, of said William C. Callender, and that appellant was named as beneficiary in said policy of insurance herein involved.

The appellee's first special plea alleged that on December 1st, 1936, appellant filed her bill of complaint in the Chancery Court of Hinds County against the appellee, the suit being predicated upon Policy Number 86,819, praying for a discovery of said policy, and concluding with a prayer for general relief. The Answer of the appellee to the bill of complaint was made Exhibit B thereto; a copy of a final decree rendered on June 16, 1937, was made Exhibit C, and it was alleged therein that said suit was predicated upon the same policy and that appellant prayed for a discovery of said policy, and that the said decree so rendered in said cause, being between the identical parties and predicated on the identical policy, is res judicata of all the issues involved, and that appellant had a perfect right in said cause to pray for a monetary decree awarding her the proceeds of said policy.

The bill annexed to the plea contains practically the same allegations as the declaration in the case at bar, but the bill further alleged that said policy is not now in

the possession of the appellant and cannot be attached thereto as an exhibit, but that said policy, or a copy thereof, is in the possession of the appellee, Lamar Life Ins. Co., and that the appellant is entitled to a discovery of its terms, and being without a remedy at law, prayed that the bill be received and filed, and that process issue to appellee commanding it to appear at the next term of the chancery court and to exhibit to said court a true copy of Policy No. 86,819, issued by it to William C. Callender on Nov. 26, 1930. Appellee then prayed for general relief. The Answer made Exhibit B to the Bill was a denial of Watts' agency. It admitted that appellee notified Mrs. Callender that it had received payment after the expiration of the grace period, and that the policy had lapsed for nonpayment of premium.

The Chancery Court of Hinds County, in the suit between these parties, rendered the following decree:

"This cause having come on this day to be heard on bill of complaint herein wherein she prays for a discovery, and the same having been heard and considered, the court is of the opinion that she is entitled to the relief prayed for. Therefore, be it, and it is hereby ordered, adjudged and decreed that the defendant, the Lamar Life Insurance Company, be and it is hereby required and directed to furnish the complainant a copy of the form employed in the issuance of its policy Number 86,819, being the policy herein involved, within (15) fifteen days from the date hereof. Ordered, adjudged and decreed this the 16th day of June, 1937.

"V. J. Stricker, Chancellor."

The second special plea invoked the six year statute of limitations, setting up that on the due date of the premium on the policy, the premium was not paid, and that it was not paid within the days of grace; that on June 27, 1931, appellee received a check for $48.80 to cover a quarterly premium on the policy, and two days later it wrote William C. Callender advising him that said check had been received after the expiration of the days

of grace, and returned the check, inclosing therewith a blank form of application for reinstatement of the lapsed policy, said letter, it was alleged, having been received by the insured on July 1, 1931. It was further alleged that if the action of the appellee in advising the insured that it could not accept said check, and that the policy in its then shape was null and void, was wrongful, then the appellee wholly breached said contract of insurance on July 1, 1931, and that a cause of action immediately arose against the insurer, which cause of action, under the six year statute of limitations, is now barred, said suit not having been filed until three months after the statute had barred the cause of action.

The fourth ground of the demurrer to the plea of res judicata is to the effect that the allegations of the special plea, and the exhibits, show, on their faces, that the bill filed in the Chancery Court of Hinds County, Miss., was a pure bill of discovery, and no other relief was there sought, and no other issue determined by said court. A casual reading of the allegations of the bill reveals that it was intended solely as a bill for discovery, and the decree of the Chancery Court shows that no other issue was considered. Such bills are still cognizable in equity courts under Section 160, of the Constitution. The fact that by Section 744, Code of 1930, a party may demand and receive papers and documents from his adversary without the necessity of such a bill does not deprive the Chancery Court of jurisdiction of pure bills for discovery. This Court has set this question at rest in the case of Citizens' Bank of Hattiesburg v. Tracy, 120 Miss. 413, 82 So. 307, and it is so evident as not to require a discussion, that there was no decree on the merits, and hence no termination of the litigation in the Chancery Court.

The contention of the appellee that the answer filed as Exhibit B to its plea of res judicata is admitted, by the demurrer, to the exclusion of adverse allegations of the declaration, is without merit, and no authority is cited

to support it. The demurrer admitted the pleadings and decree.

We are of the opinion that the demurrer should have been sustained as to the plea of res judicata. To hold otherwise would be to announce that bills of discovery in aid of a court of law have been abolished, and this is patently not correct. See Griffith's Chancery Practice, Sections 427 and 428.

As to the plea setting up the Six Year Statute of Limitations, the demurrer to the second special plea fully states the applicable principles of law to the question presented, and states that where an insurance company wrongfully cancels a policy, the beneficiary or the insured is not required to institute a suit at that time but may elect one of three remedies, first, they may treat the policy as still in force, and wait until it is payable; second, a suit in equity may be brought to set aside the cancellation, and third, the insured may sue in equity to set aside the cancellation and to have the policy declared to be valid and in force.

The declaration specifically alleged that Watts was authorized to receive payments of premiums, and that his custom in so doing had been ratified by the insurer.

It is undisputed here that the premium was paid to the authorized agent before the days of grace expired; that the receipt by Watts was a receipt by the insurer at its home office, and that the insurer declined to receive the premium, although tendered and the policy was improperly declared to be void. If the facts sustain these allegations of the declaration upon proof, then the cancellation was wrongful under the rule announced in Daggett v. Prudential Life Ins. Co., 175 Miss. 89, 166 So. 405, in which it was said that (page 409) : ''The general rule is that if the insurance company has declared a forfeiture of the policy, and it is clearly apparent from acts or declarations that a tender would not be accepted, or if it has declared a forfeiture and refused the premiums, the fact that there has been a failure subsequently to pay or

tender the premiums as they fall due will not prevent a recovery on the policy. Joyce, The Law of Insurance (2 Ed.), vol. 2, sec. 1123, p. 3340.''

Having reached the conclusion that the declaration states facts sufficient to establish a waiver of further tender, the demurrer should have been sustained under the authority of Sovereign Camp, W. O. W., v. Penn, 173 Miss. 93, 161 So. 681, wherein this Court held that when a Life Insurance Company wrongfully cancels its policy of insurance, the insured may ignore the cancellation, and keep the policy in force by paying, or offering to pay, the premiums thereafter becoming due thereon; or he may sue in equity to set aside the cancellation, or he may treat the cancellation as an anticipatory breach of the contract, and sue for the damages thereby sustained by him. 32 C. J. 1265.

So then, the appellant in the case at bar had the option to wait until the death of the insured before her cause of action would accrue, and as to the effect of the six year statute of limitations, it clearly did not begin to run until that time.

Reversed and remanded.