CATHEY *v.* SOVEREIGN CAMP, W. O. W.

(In Banc. Oct. 25, 1943.)

[15 So. (2d) 425. No. 35425.]

**Stone & Stone,** of Coffeeville, for appellant.

Kimmons & Upchurch, of Water Valley, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against appellee in the circuit court of Yalobusha County on a fraternal insurance policy to recover the sum of $2,000, the face value of the policy. After suit was brought the appellee, which will be referred to as the Woodmen, admitted liability in the sum of $1,158, which it tendered as payment in full, but which was declined by appellant with that condition, but accepted by agreement of the parties without prejudice. So the remaining amount involved was $842.01, with interest.

The decision of the court turns upon the question of whether the changes made in 1919 in the provisions of the constitution and by-laws of the Woodmen were binding on the insured. The court gave a directed verdict for the Woodmen, from which appellant prosecutes this appeal.

The Woodmen is a fraternal organization. It is supported, and its affairs are carried on, by funds furnished by the members. In 1911 S. L. Brannon became a member of the organization, and on November 13th of that year there was issued to him "benefit certificate No. 63538" in the sum of $2,000, payable on his death to his mother, Mrs. Sallie Brannon. Thereafter his mother died, and another policy was issued to him in the same amount, naming his wife as beneficiary. His wife died, and he had another policy issued to the appellant, his sister. The constitution and by-laws of the Woodmen provide, in substance, that when it becomes necessary for the successful conduct of the organization, it should have the

power to make the necessary changes therein which, in its judgment, will promote that end.

Brannon's certificate provided for the payment of monthly dues of $2.65. In 1919 the Woodmen changed its constitution and by-laws so as to provide that the monthly premiums of members of his age should be increased from $2.65 to $6.29, but that they should have the right to continue to pay the former amount, the difference between the two amounts to be charged, and become a lien, against the face value of the policy at the death of the insured.

The policy here involved, payable to the sister of the insured, was issued and accepted after those changes. The policy itself, in express terms, made the changes a part thereof. Brannon accepted it, and acted on it without protest until his death in 1940.

Appellant contends that under the principles laid down by this court in Odd Fellows v. Smith, 172 Miss. 860, 161 So. 115, the changes were so unreasonable and unjust as not to be binding on Brannon, the insured. It was held in that case that a change in the by-laws of a fraternal organization so as to reduce the insured's benefit from $1,000 to $300 or less was so unreasonable and unjust as not to be binding on the insured, notwithstanding the constitution and by-laws authorized such changes. However, in that case the insured refused to accept the change, and thereafter paid the premium under protest. That is not true here. Brannon knew of the changes, accepted and acted on them, and is thereby bound. Ætna Life Ins. Co. v. Thomas, 166 Miss. 53, 144 So. 50, 146 So. 134. Section 5237, Code 1930, is not taken into consideration, because it was adopted after all these policies were issued.

Affirmed.