226 So.2d 735 (1969)
L.C. PRIDE, Plaintiff/Appellant,
v.
QUITMAN COUNTY VOTERS LEAGUE, et al. Defendants/Appellees.
No. 45417.
Supreme Court of Mississippi.
September 29, 1969.
Larry O. Lewis, Ben M. Caldwell, Marks, for plaintiff-appellant.
Reuben V. Anderson, Fred L. Banks, Jr., Jack H. Young, Jackson, for defendants-appellees.
*736 PATTERSON, Justice:
This is an appeal from an order of the Circuit Court of Quitman County which sustained a general demurrer to the plaintiff's declaration. It also sustained a motion to strike certain interrogatories propounded by the plaintiff. The appellant, a policeman in the city of Marks, contends on appeal that the court erred in sustaining both motions.
The theory of the declaration is that the plaintiff's reputation suffered as the result of libelous and defamatory statements published by the defendants, for which he is entitled to damages.
The demurrer, of course, admits all allegations of the declaration which are well pled. The declaration quotes the alleged defamatory statements which were published by circular, as follows:
We must make it crystal clear, that we will never stand for brutal, barbaric, and wicked acts like those that were made upon the innocent women and children on May 1, 1968, by the law-enforcement of this city, county, and state * * * and over the reportedly beating of Mr. and Mrs. Anderson, Mr. Johnny Neal, and many, many other acts of brutality inflicted upon the Black community by untrained, uneducated, inhuman law-enforcement officers of Quitman County, namely L.C. Pride, J.W. Jenkins, and others.
The declaration continues:
That said statements were actual, malicious, false with reckless disregard of whether said statements were true or false, and according to their usual construction and common acceptance are considered as insults and calculated to *737 lead to a breach of the peace and were actionable per se. That the said circular was distributed throughout the City of Marks * * *
That all the Defendants knew, or could have known, by reason, investigating or questioning that the said statements were false, without foundation and were printed on the said circular for the purpose of bringing shame and disgrace upon the Plaintiff * * *. That said statements were made with malicious premeditation on the part of all the Defendants, with the purpose of causing the authorities of the City of Marks to discharge the Plaintiff from his position * * *.
That the statements so published on the said circular by the Defendants were so reckless and malicious and made without regard to person, that they have exposed the Plaintiff to ridicule * * *.
The declaration recites the words considered to be defamatory, the fact they were published, and avers that the plaintiff was injured thereby. It is admitted that the defendants either knew that the published words were false or published with reckless disregard as to the truth. In our opinion these allegations conform precisely to the requisites for a libel suit against a public or quasi public official. In Reaves v. Foster, 200 So.2d 453, 458-459 (Miss. 1967), we stated:
The federal courts have preempted the field of libel and slander and have established that hatred, ill will, enmity, intent to harm or negligence are insufficient to establish malice toward those involved in discussions on public issues. That the defendants are protected under the First and Fourteenth Amendments of the United States Constitution, unless the plaintiff shows malice by proving that the defendant when he published the words  (1) either knew they were false, or (2) published them in reckless disregard of whether true or not. * * * (Emphasis added.)
The appellees contend, however, that the published material is an editorial comment about a public official and that under the "fair comment" doctrine there can be no liability, citing Edmonds v. Delta Democrat Publishing Co., 230 Miss. 583, 591, 93 So.2d 171, 173-174 (1957), wherein we stated:
The editorial complained of related not to plaintiff as an individual but to his public assertions as to the effect of an affirmative vote on the liquor referendum; it was fair comment because it gave to the reader the factual basis for the critical comments, the factual basis being what plaintiff had said and what the Attorney General had ruled as to the effect of an affirmative vote; the criticism was in the form of opinions of the editorial writer; and it related to a matter in which the public had a valid and lively interest.
The publication in Edmonds was determined to be an editorial and we conclude that it would be authority for the appellees' contention if the publication here were in fact an expression of opinion, an editorial. It is our conclusion that the publication is not an editorial, but rather an accusation directed to specific individuals, one of whom is the plaintiff. The language used is direct, positive, and lends itself to no other interpretation by its terms.
We * * * make it crystal clear that we will never stand for brutal, barbaric and wicked acts like those that were made * * * by the law enforcement of this city * * * and over the reportedly beating of * * * and many, many other acts of brutality inflicted * * * by untrained, uneducated, inhuman law enforcement officers * * * namely, L.C. Pride * * *. (Emphasis added.)
We are of the opinion that the language in the published circular does not fall within the "fair comment" doctrine set forth in Edmonds, supra. We conclude that the lower court erred in dismissing the *738 declaration for failure to state a cause of action.
The second assignment of error, that the court erred in sustaining the motion of appellees to suppress certain interrogatories, has given the Court concern as to its propriety. The action of the lower court in sustaining the demurrer had the effect of dismissing the cause of action. The statute authorizing interrogatories, Mississippi Code 1942 Annotated section 1712 (1956), relates to the testimony of a party to the suit. The trial court in passing upon a demurrer considers only the allegations well pled in the declaration. Interrogatories and the answers thereto relate to testimony and are separate and distinct from the question raised by demurrer. When it was sustained, there remained nothing, in the absence of a motion to amend by the plaintiff, for the court to do except dismiss the declaration. We think it improvident that the trial court considered the interrogatories propounded by the plaintiff subsequent to passing upon the demurrer. We therefore disregard this assignment of error in view of Mississippi Code 1942 Annotated section 1490 (1956), which states:
When a demurrer shall be interposed, the court shall not regard any defect or imperfection in the pleadings, except such as shall be assigned for causes of demurrer, unless something so essential to the action or defense be omitted that judgment according to law and the right of the cause cannot be given.
See also Alexander v. Mayor & Board of Aldermen of City of Natchez, 219 Miss. 78, 68 So.2d 434 (1953), and Marquette Cement Mfg. Co. v. Fidelity Deposit Co. of Maryland, 173 Miss. 164, 158 So. 924 (1935), as being analogous. Hence, consideration of the interrogatories and an opinion thereon would be either advisory or mere dicta, the former being contrary to the rules of the Court and the latter not having the weight of authority.
The order of the trial court which sustained the general demurrer is hereby overruled and the cause reversed and remanded.
Reversed and remanded.
GILLESPIE, P.J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.
RODGERS, Justice (Specially concurring):
I concur with the majority opinion where we hold that the demurrer filed against the declaration should have been overruled because the declaration states a cause of action on which proof may be offered in the trial court.
I am convinced, however, that we should go further and pass upon the issue as to whether or not the interrogatories propounded to the defendants should have been denied by the trial court. I am convinced that the trial judge acted properly in refusing to require the defendants to furnish a list of their members because it is apparent to me that Section 1712, Mississippi Code 1942 Annotated (1956), does not contemplate the discovery of parties to the litigation by interrogatories in the Circuit Court.
Discovery of information essential to the prosecution of a law suit in the circuit court may be obtained by bill of discovery in the chancery court. § 428, Griffith, Mississippi Chancery Practice; Citizens Bank of Hattiesburg v. Tracy, 120 Miss. 413, 82 So. 307 (1919); 27 C.J.S. Discovery § 30(2).
Moreover, Section 1712, supra, is obviously a method of obtaining evidence which is in the possession of an adverse party rather than a method of discovering the identity of adverse parties.
It was not necessary for the trial court to pass upon an alleged constitutional issue since this issue was not essential to the determination *739 of the question raised by the Motion to Quash Interrogatories.
I would, therefore, affirm the action of the trial court in quashing the interrogatories.
GILLESPIE, P.J., concurs.