IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60600
Summary Calendar

_____


PAT FULGHAM; MIKE BROOKS; JERRY BROOKS,

Plaintiffs-Appellants,

versus

WOODMEN OF THE WORLD/OMAHA WOODMEN LIFE
INSURANCE SOCIETY; ROBERT MARTIN,
Deceased; THE ESTATE OF ROBERT MARTIN,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Mississippi
USDC No. 1:98-CV-230-JAD
_____
March 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The issue presented by this appeal is when did the plaintiffs'

cause of action for misrepresentation and/or bad faith "accrue" for

purposes of determining if it was timely filed under Mississippi

law.  The district court granted the defendant's motion for summary

judgment holding that the plaintiffs' claim was untimely and thus

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barred by then applicable section 15-1-49 of the Mississippi Code.[1] Finding no error on the part of the district court, we affirm.

The plaintiffs, Pat Fulgham, Mike Brooks, and Jerry Brooks, the named beneficiaries of a $100,000 life insurance policy insuring their father, Clifton Brooks, argue that because they did not have any vested rights to the proceeds of the insurance policy until the death of the insured, see United States v. Tighe, 29 F.Supp. 680, 687 (S.D.Miss. 1964), their causes of action for misrepresentation and bad faith could not have accrued before the insured's date of death. As a result of this "indisputable" fact, the plaintiffs argue that the instant suit was timely filed on June 19, 1998, exactly one year to the day after the death of the insured, because it was commenced within three years of its "accrual." See Miss. Code Ann. § 15-1-49 (West 1999)(providing that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after"). Thus, the plaintiffs argue that the district court erred in granting summary judgment for the defendant.[2]

---

[1]Effective March 12, 1990, Mississippi Code § 15-1-49 was amended to shorten the period of limitations from six to three years. For purposes of this appeal, we need not reach the issue of whether the six- or three-year period of limitations under section 15-1-49 is applicable in this case because under either period the plaintiffs' claims are time barred.

[2]In support of their argument, the plaintiffs rely heavily on the Mississippi Supreme Court's decision in Callender v. Lamar Life Ins. Co., 182 So. 119 (Miss. 1938), characterizing it as being "on

The defendant, Woodmen of the World/Omaha Woodman Life Insurance Society, argues, and the district court held, that Mississippi's then applicable general six-year statute of limitations governing claims for fraud and misrepresentation, see Miss. Code. Ann. § 15-1-49 (West 1989), began to run in May 1989, the date the plaintiffs discovered the alleged misrepresentations and the purported breach was anticipated. See Miss. Code Ann. § 15-1-67 (West 1999)(stating that the applicable statute of limitations is tolled "[i]f a person liable to any [sic] personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, . . . [until] the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered"). Thus, the district court held, because the plaintiffs delayed filing their claim for nearly nine

---

all fours" with the case at bar. While we agree with the plaintiffs' recitation of the facts in Callender--that the case involves a misrepresentation at inception, allegations of notice of the coverage differences, beneficiaries who wait until their claim accrues before filing suit, and the defense of statute of limitations--there are two critical facts that are absent: (1)the insurance company in Callender "wrongfully cancel[ed]" the policy; and (2) the insurance company refused to pay the beneficiaries any of the proceeds under the policy. See id. at 121. In such circumstances, Mississippi law provides that the beneficiaries may either treat the policy as still in force, and wait until it is payable, or they may bring a suit in equity to set aside the cancellation. Id. The plaintiffs' reliance on the Callender "accrual" rule, however, is misplaced in the light of the factual circumstances presented by this case. In the case at bar, the plaintiffs have received the full proceeds to which they were entitled under the terms of the contract of insurance. Thus, they are not entitled to the benefit of the "accrual" rule.

years after learning of the alleged fraudulent actions of the defendant, it was time barred.

After reviewing the parties' brief, the record, and the relevant case law, it is clear that any causes of action that the plaintiffs may have had for misrepresentation and bad faith "accrued" as of May 1989, the date that they became aware of the alleged fraudulent actions on the part of the defendant.[3] The record is clear that as of January 1989 the plaintiffs were aware of the contents of the insurance police--that it was an "includes" rather than an "excludes" policy.[4] Further, on March 13, 1989, one of the plaintiffs, Pat Fulgham, notified the Mississippi Department of Insurance by letter that she believed that the insured, Clifton Brooks, had been misled and/or defrauded by the defendant's agent.

---

[3]For purposes of this appeal, we will assume that under Mississippi law that the plaintiffs, strangers to a contract for life insurance between the defendant and insured, have standing as third-party beneficiaries to bring suit based on alleged misrepresentations made by the defendant to Brooks during contract negotiations. See Barrett v. Coulett, 263 So.2d 764, 766 (Miss. 1972)(rejecting an attempt by one person to assert a claim on behalf of another and stating that each person has a protected "right to elect not to sue").

[4]An "includes" version of a life insurance policy includes the cash surrender value of the certificate in the face value of the certificate. At the date of death of the insured, the face value of the certificate is paid to the beneficiaries. The cost of the policy is based on the total amount at risk, which is the face value of the certificate minus the cash value of the certificate. An "excludes" version of a life insurance policy pays out a larger sum at death because it pays the beneficiaries the face value of the policy plus the cash surrender value. Because the cost of the "excludes" certificate is also based on the total amount at risk, the cost of an "excludes" certificate is generally significantly higher than an "includes."

4

In response to this letter, on May 14, 1989, the defendant notified Fulgham that it had reviewed the matter and found no misrepresentation had occurred.  Thus, by at least May 14, 1989, the plaintiffs were aware of the defendant's denial of any fraudulent actions in connection with the issuing of the insurance policy.  Consequently, any potential cause of action for fraud growing out of this contractual relationship accrued as of that time.  Accordingly, because the plaintiffs filed their suit for misrepresentation and bad faith after May 1995, it was untimely. See Phillips v. New England Mutual Life Ins. Co., 36 F.Supp.2d 345, (S.D. Miss. 1998)(holding that "Mississippi's general statute of limitations applies to claims of fraud and misrepresentation," and discussing the tolling provisions of Miss. Code Ann. § 15-1-67).

Thus, the judgment of the district court is

A F F I R M E D.