**HARRIS et al. v. GRAYSON et al.**

No. 11654. Opinion Filed Nov. 15, 1927.

Rehearing Denied Feb. 28, 1928.

(Syllabus.)

**Limitation of Actions—Former Opinion with Syllabus Adopted.**

The syllabus and text in this cause found in the opinion filed December 19, 1922, 129 Okla. 281, 264 Pac. 623, is adopted as the law of this case.

Geo. S. Ramsey, G. Earl Shaffer, Robert F. Blair, Alvin Richards, J. G. Ralls, Lydick, McPherren & Wilson, for plaintiffs in error.

Watts & Watts, W. T. Hunt, Neff & Neff, Rainey & Flynn, Calvin Jones, Thos. H. Owen, A. A. Hatch, John E. Williams, Gidney & Gidney, Turner & Turner, A. C. Hunt, Wallace & Stephens, J. T. Smith, and Alvin F. Molony, for defendants in error.

BRANSON, C. J. On December 19, 1922, there was filed in this cause an opinion of this court, concurred in by Justices Harrison, Johnson, Kennamer, Nicholson, and Cochran, which opinion was written by Justice Miller, then a member of this court.

The two principal questions before this court as raised by the petition in error are argued in the brief filed by counsel here: First. The statute of limitation, which the plaintiffs in error claimed, barred the defendants in error from recovering even if the defendants in error had ever inherited any interest in the real estate. The opinion filed on the above date was written solely upon this question and held that the statute

of limitation began to run prior to November 16, 1907, under the law then in force in that part of the state of Oklahoma then known as the Indian Territory. The statute of limitation in force at that time provided that a plaintiff could not bring any suit "for the recovery of any land, tenements or hereditaments," unless said suit was brought "within seven years next after his, her or their rights to commence, have, or maintain such suit shall have come, fallen, or accrued." That since the rights of the plaintiffs came or accrued to them more than seven years prior to the institution of the suit and prior to admission of the state into the Union, they were barred by that statute of limitation.

The other question was whether or not the proviso to section 6 of the Supplemental Creek Agreement of June 30, 1902 (32 Stat. 500), extended any further than a first descent. On the presentation of a petition for rehearing of that cause, this court deemed a construction of said proviso of such interest and public concern as to require an opinion directly on that question. Such an opinion was written and the other question, supra, not discussed. The said proviso to said section 6 of the said Supplemental Creek Agreement is:

"Provided, that only citizens of the Creek Nation, male and female, and their Creek descendants shall inherit lands of the Creek Nation."

The opinion of this court on that question is reported in 90 Okla., page 147, 216 Pac. 446. This opinion of this court on the said proviso served only one useful purpose, and that was it furnished an opportunity for the Supreme Court of the United States to determine whether the said proviso extended to a second, third, etc., descent without any limitation. That court so determined, which rated as a reversal of the opinion of this court, cited above on that question.

This brief history of this suit is given in explanation of the reason this case has not been disposed of long since. It is now before this court on whether or not the original opinion filed herein is final and conclusive on the question there adjudged by that opinion as determining the rights of the parties on the question of the statute of limitation.

This court has examined the authorities cited by counsel and feels that the original opinion filed in this court sets out the law on that one controlling proposition, and the

said opinion is by this court readopted, and ordered filed as the opinion of the court herein.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, RILEY, and HEFNER, JJ., concur. CLARK, J., dissents. HUNT, J., disqualified.