## GRAYSON ET AL. *v.* HARRIS ET AL.

No. 116.   Argued January 10, 1929.—Decided April 8, 1929.

*Mr. Streeter B. Flynn,* with whom *Messrs. Robert M. Rainey, William Neff, Louis E. Neff, Jess W. Watts,* and *Calvin Jones* were on the brief, for petitioners.

*Mr. Robert F. Blair* for respondents.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case was before us at an earlier stage in *Grayson* v. *Harris,* 267 U. S. 352.

In August, 1917, the petitioners brought an action against the respondents in the district court of Creek County, Oklahoma, to recover an undivided half interest in certain lands in that county lying within the former Creek Nation in the Indian Territory. These lands had been allotted on July 9, 1906, in the names of two freedmen, Creek citizens, who had previously died; and the title to an undivided half interest in the lands had thereupon passed to Gertrude Grayson, a Creek citizen, who was an heir of each of the allottees. She died, intestate, and without issue, in April, 1907, leaving as her next of kin certain remote kindred who were Creeks, and a maternal grandmother who was not a Creek. On November 16, 1907, Oklahoma was admitted as a State.[1]

The plaintiffs alleged that upon the death of Gertrude Grayson the undivided half interest in the lands of which she had died possessed vested in fee in them as her surviving Creek heirs; and that when the suit was brought they were entitled to the possession thereof but were being kept out of possession by the defendants who were then in possession under some claim of ownership. The defendants, answering, denied the plaintiffs' title and alleged that the title to Gertrude Grayson's half interest had upon her death descended to her grandmother, from whom the defendants derived title by mesne conveyances; that they and those through whom they claimed had been in adverse possession of the lands from the year 1906; and that the plaintiffs' cause of action was barred by the statute of limitations of seven years. The plaintiffs, replying, denied these allegations.

The case was tried by the court without a jury, which was waived. The court held that upon the death of Gertrude Grayson her undivided half interest had descended

---

[1] President's Proclamation, 35 Stat. 2160; *Oklahoma* v. *Texas*, 272 U. S. 21, 36; *Joines* v. *Patterson*, 274 U. S. 544, 549.

to her surviving Creek kindred under § 6 of the Supplemental Creek Agreement, ratified and confirmed by the Act of June 30, 1902, c. 1323;[2] found that the evidence failed to show an adverse possession in the defendants and their predecessors prior to November 17, 1907, and that neither the defendants nor those under whom they claimed "took any possession whatever of said land until some time in 1912"; and adjudged that,—with certain exceptions not here material,—the plaintiffs were the owners of the undivided half interest in suit.

On an appeal the Supreme Court of Oklahoma filed in 1922 an opinion to the effect that the plaintiffs' action was barred by the statute of limitations; but later, on a petition for rehearing, in 1923 withdrew the original opinion and substituted another opinion holding, without reference to the statute of limitations, that under the Supplemental Creek Agreement the undivided half interest of Gertrude Grayson had been inherited by her maternal grandmother; and accordingly reversed the judgment of the trial court, with instructions to enter judgment quieting the title of the defendants. 90 Okla. 147.

On a writ of certiorari this Court, holding that under the Supplemental Creek Agreement the undivided half interest of Gertrude Grayson had been inherited by her Creek kindred and not by her grandmother, without passing on the question of the statute of limitations, which as we stated was not then open to our consideration, reversed the judgment of the Supreme Court of Oklahoma, and remanded the cause for further proceedings not inconsistent with our opinion. *Grayson v. Harris,* 267 U. S. 352.

Thereafter the Supreme Court of Oklahoma readopted the withdrawn opinion of 1922 on the question of the statute of limitations, and ordered it filed as the opinion

---

[2] 32 Stat. 500, 501.

of the court, 129 Okla. 285; and holding, as therein set out, that the plaintiffs' action was barred under § 4471 of Mansfield's Digest of the Statutes of Arkansas—which, as a part of Chapter 97 relating to limitations, had been extended over and put in force in the Indian Territory by § 31 of the Act of May 2, 1890, c. 182 [3]—again entered judgment reversing the judgment of the trial court and remanding the cause with instructions to confirm the defendants' title. 129 Okla. 281. And this final judgment has been brought here for review under a second writ of certiorari. 278 U. S. 555.

Sec. 4471 of Mansfield's Digest, when extended over the Indian Territory by the Act of Congress, became, in effect, with the settled construction placed upon it by the Arkansas courts, a law of the United States as though originally enacted by Congress. *Joines* v. *Patterson,* 274 U. S. 544, 549. Therefore its construction and effect present federal questions that are to be determined by this Court in the exercise of its own independent judgment.

This section provides—subject to a saving clause in favor of minors, married women and persons *non compos mentis*—that: "No person or persons, or their heirs, shall have, sue or maintain any action or suit, either in law or equity, for any lands, tenements or hereditaments but within seven years next after his, her or their right to commence, have or maintain such suit shall have come, fallen or accrued; and all suits, either in law or equity, for the recovery of any lands, tenements or hereditaments shall be had and sued within seven years next after title or cause of action accrued, and no time after said seven years shall have passed."

The Supreme Court of Oklahoma—without referring to the finding of the trial court that the defendants and those through whom they claimed had not taken any

---

[3] 26 Stat. 81, 94.

possession of the land until some time in 1912—held that, although § 4471 provided that a suit for the recovery of land should be brought within seven years " after title or cause of action accrued," it might be read by leaving out the words " or cause of action," that is, as if it provided that the suit should be brought within seven years after the title accrued; that the title of Gertrude Grayson accrued on July 9, 1906, when she acquired her title by inheritance; that the statute then commenced to run, and, as this was before Oklahoma was admitted as a State, remained the controlling statute; that under its provisions, neither Gertrude Grayson nor her heirs could sue or maintain any action for the recovery of the lands except within seven years after her title so accrued, that is, within seven years after July 9, 1906; and that, as the suit was not brought until August, 1917, eleven years thereafter, and the plaintiffs had not pleaded or proven any disabilities or other facts which relieved them from the operation of the statute, their action was barred.

The construction thus placed upon § 4471 and the effect given to it as applied to the facts in this case, are in our judgment erroneous. The first clause requires a suit for land to be brought within seven years after the " right to commence, have or maintain such suit shall have come, fallen or accrued." Under the entire section it is clear that the statute does not begin to run until the plaintiff's cause of action accrues, even although his title had been previously acquired. While under some circumstances there may be a cause of action when the title is acquired, as where the land is then adversely held—obviously the mere acquisition of title cannot of itself give the owner of land a cause of action against persons who have not asserted an adverse claim under circumstances constituting an invasion of his justiciable rights. A different construction of the statute would lead to the anomalous result that an owner of land whose title appeared to be

unquestioned would be prevented from recovering it if he did not bring suit within seven years after he acquired title against persons who during such seven years had neither asserted any claim to the land nor held adverse possession of it nor otherwise invaded his rights; that is, that his suit would be barred before any cause of action had accrued on which he could have brought suit. This, manifestly, was not intended.

Here it does not appear that the defendants or their predecessors had asserted any claim to the undivided one-half interest before taking possession of it in 1912. Upon the facts found by the trial court—which were not questioned by the Supreme Court—the plaintiffs' cause of action against the defendants did not accrue until that time. And as the suit was brought within less than seven years thereafter it was not barred by the statute of limitations.

We find no decision of the Supreme Court of Arkansas that gives to § 4471 the construction placed upon it by the Oklahoma court. And, on the contrary, it was said by this Court in *Joines* v. *Patterson, supra,* at p. 533, that: "Under the settled construction given to the seven-year statute of limitations by the courts of Arkansas, it began to run against (the plaintiff) when (the defendant) took possession." And see *Shearman* v. *Irvine's Lessee,* 4 Cranch 367, 369, involving the construction of a similar Georgia statute.

In view of our conclusion as to the construction and effect of § 4471, the controlling federal question remaining in the case, it is unnecessary to deal in detail with other contentions urged in behalf of the defendants, which, in so far as they may bear upon the federal question, are insufficient to sustain the judgment.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*