## SUSSMAN v. NEW YORK LIFE INS. CO.
### No. 413.

District Court, E. D. Pennsylvania.

Feb. 5, 1940.

Wolf, Block, Schorr & Solis-Cohen, and Philip Werner Amram, all of Philadelphia, Pa., for plaintiff.

William Carson Bodine and J. S. Conwell, both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The insured had created an irrevocable trust, the subject matter of which consisted of shares of stock of a corporation. At the time, he had a policy of insurance under which he had the right to change the beneficiary at any time and from time to time. Six months after the creation of the trust, he changed the beneficiary of the life insurance policy (as to a fraction of the proceeds) to the trustee, "or his successor in trust in accordance with the terms of a Deed of Trust", etc.

Later on, he attempted to cancel the policy and secure its then cash surrender value. The Insurance Company refused to accept a surrender of the policy, and this suit was instituted to recover the surrender value.

The question is: Where a life insurance policy provides that the insured may at any time and from time to time change the beneficiary, does the insured lose this right when he changes the beneficiary from his estate to the trustee under an irrevocable deed of trust?

Under the law of Pennsylvania, it seems to be settled beyond question that the beneficiary of a life insurance policy which gives the insured the right to change the beneficiary at will has nothing but a mere expectancy. Knoche v. Mutual Life Ins. Co. of New York, 317 Pa. 370, 176 A. 230; Riley v. Wirth, 313 Pa. 362, 169 A. 139. A "mere expectancy" is not property, and it must be conceded that when the insured makes a change of beneficiary he conveys no property to the new beneficiary. In the present case, the change of beneficiary added nothing to the trust property, unless, with the change, the insured somehow surrendered or divested himself of the right which the policy gave him to change the beneficiary at any time and from time to time. He did not do so by any express declaration, and, consequently, the question becomes whether or not the mere fact that the change was to a trustee, who held certain other property under an irrevocable trust, is sufficient evidence from which an intention on the part of the insured to surrender or waive the right to change the beneficiary can be found.

I think that the question is properly stated as one of fact and evidence to establish a fact. If there were positive proof—say in the form of some express reservation—that the insured intended to retain the right to change the beneficiary, I do not believe it could well be contended that his act had, as a matter of law, caused him to lose it.

With nothing by way of authority to guide me, I can say only that, in my opinion, there should be more than here appears in order to have any evidence of an intention to give up the right to change the beneficiary. After all, it was a right which the insured had obtained from the Insurance Company as part of the consideration for his premium payments. As ap-

pears by the present case, it was a right of considerable value, and there are undoubtedly many ways in which it might be useful, if not actually valuable. In order to find that a man has deliberately put a portion of his own property permanently beyond his reach, without any consideration, I think that there should be positive evidence that he intended to do so.

I believe counsel agree that there is no decision in point. The authorities cited by them have been useful, but the case must be decided as one of first instance.

The motion to dismiss is denied.