15102

HUNGERPILLER v. ACACIA MUTUAL LIFE INS. CO.

(9 S. E. (2d), 553)

*Messrs. W. R. Symmes* and *J. A. Merritt,* for appellant,

*Messrs. Thomas, Cain & Black,* for respondent,

June 15, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action was instituted on or about July 23, 1938, and seeks the recovery of $3,000.00 damages, actual and punitive, for the alleged wrongful and fraudulent repudiation and cancellation of a policy of insurance in the face amount of $3,000.00, issued by the respondent on the life of George Allen Hungerpiller, wherein the appellant was designated as beneficiary.

By answer the respondent admitted the execution and delivery of the policy but alleged that it had become lapsed

and of no effect on April 1, 1931, during the lifetime of the insured, as a result of nonpayment of the premium and loan interest on that date falling due. It further alleged that there was no value remaining in the policy for application under the non-forfeiture provisions thereof, and it further alleged that the policy having become lapsed during the lifetime of the insured no amount was payable thereunder at the time of the death of the insured, which occurred on June 11, 1938. It also alleged that all claims had become barred by the statute of limitations.

The case came on to be heard before the late and lamented Honorable Hayne F. Rice and a jury at the spring, 1939, term of Court and at the conclusion of the evidence and on motion of the respondent a verdict was directed in its favor.

Before entering upon a discussion of this case, we will state that appellant sought and gained permission of the Court to review the opinion of this Court in the case of *Pilot Life Insurance Company v. Peebles,* 191 S. C., 486, 5 S. E. (2d), 174; and has asked that the decision of this Court in *Pressly v. Pilot Life Insurance Company,* 186 S. C., 209, 195 S. E., 332, be reinstated as the law governing the issue in those cases. When this Court decided the *Peebles case* and overruled the *Pressly case,* it was only after mature deliberation and on a more comprehensive record than was before us in the *Pressly case,* and we are satisfied that the first-mentioned case was properly decided. There was no discrimination made in those cases, when carefully analyzed, between a borrowing policyholder and a nonborrowing policyholder.

The policy in this case was issued on May 1, 1925, and the quarterly installments of premiums were paid thereon up to the premium due August 1, 1930, and thereafter the quarterly premiums to April 1, 1931, were paid from the reserve fund of the policy, less a loan or loans which had been made the insured by the respondent. The reserve value of the policy as of May 1, 1930, was $201.00, and on April

1, 1931, was $250.00. It is unnecessary to explain wherein respondent gave an advantage to appellant in calculating the reserve fund for less than a full premium year.

There is an excerpt from the policy under the heading "Premium Loan" printed in the record and reading as follows:

"If premiums have been paid for at least two full years, if any subsequent annual payment or installment thereof be not paid within the grace period allowed for the payment of same, then the association will, if the member has made written request therefor, charge such unpaid premuim or premiums with interest at the rate of 6% per annum in advance against the reserve on the policy, and the policy shall be continued in force so long as the reserve to the credit of such policy on the last anniversary less the payments charged as herein provided and any indebtedness against the policy including interest equals or exceeds one monthly payment.

"When the amount of the reserve, after making the above deductions, is smaller than one monthly premium, this policy shall immediately lapse and become null and void. At any time before the policy is lapsed, the member may, without medical re-examination, resume his payments. The amount charged against the reserve with interest thereon at the option of the member may either be paid in cash or left to stand as an indebtedness against the policy, subject to interest at the rate of 6% per annum payable in advance."

We will not set out the "Automatically Non-Forfeitable" clause of the policy, since this would have extended the insurance for only a few days as non-participating term insurance, and under a strict construction of the terms of the policy, it had not even the value to pay the premiums until April 1, 1931.

On April 1, 1931, there was an outstanding policy loan, including accrued interest of $196.40, and premium loans included accrued interest of $52.46, making a total indebted-

ness of the insured to respondent of $248.86, leaving a balance of $1.14 in the reserve fund. On that date (April 1, 1931) respondent wrote a letter to the insured which was introduced in evidence, not by respondent but by appellant, and reads as follows:

(Letterhead caption omitted.)

"April 1, 1931.

"Mr. Geo. A. Hungerpiller
"R. F. D. No. 2, Elloree, S. C.

"Policy No. 157623

"Dear Sir and Brother:

"Enclosed is a statement of the premium indebtedness due on your above numbered policy.

"Your February and March monthly premiums have been temporarily taken care of by a premium loan charged against the reserve of your policy. This charge has, however, exhausted the policy's reserve value, and unless your April premium is paid with (within?) 31 days from its due date, the policy will lapse. We sincerely hope you will make a determined effort to pay the premium due in the immediate future.

"A lapsed policy is valueless. It defeats your purpose for buying the protection. It represents a loss to you of the many dollars paid. From any viewpoint, it is decidedly to your advantage to continue this protection.

"The indebtedness outstanding may be repaid at any time. If you can't pay it in full at one time, we will be glad to credit you with account payments of any amount convenient to you. That your beneficiary may have the full benefits of your policy; that you may eliminate the interest charge against the indebtedness, it is to your advantage to see that it is repaid promptly.

"It is our desire to serve you in your insurance needs.

Fraternally yours,

"T
"ENC

SAMUEL J. ROBERTS,
*Assistant Secretary.*"

No attention was given this letter by the insured. Therefore the $1.14 was applied to the purchase of non-participating term insurance for a period of thirteen days, and as the policy provided for a grace period of thirty-one days, the insured was given the benefit of such longer period.

As has been aptly stated by counsel for respondent in their printed brief, "the law is well settled in this State that the payment of premiums when due is a prerequisite to the preservation of the insurance." See *Kittles v. General American Life Insurance Company,* 182 S. C., 162, 188 S. E., 784, and cases therein cited and quoted with approval in *Smith v. Equitable Life Assurance Society of United States,* 187 S. C., 251, 196 S. E., 879.

Aside from the foregoing, however, this is an action for the wrongful and fraudulent repudiation and cancellation of an insurance contract alleged to have occurred on April 1, 1931. The insured had notice that the policy was being lapsed or cancelled at that time as witness the letter of April 1, 1931, found amongst his effects and as aforementioned introduced in evidence upon the trial of this case by the appellant. The insured died on June 10 or 11, 1938, considerably more than six years after notice of the cancellation of the policy and without having taken any action thereabout; in fact there was no communication between the insured and respondent after said letter of April 1, 1931. The respondent pleaded the limitation statute as one of its defenses and the evidence establishes this defense.

The order of the trial Judge directing a verdict in favor of respondent is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND concur.