## Semenko v. Campbell

*Jon M. Lewis,* for plaintiffs.
*William C. Stillwagon,* for defendant.

MIHALICH, *J.,* November 10, 1982—Plaintiffs, Robert G. Semenko and Elaine L. Semenko, his wife, ·commenced this action in ejectment for the

removal of a gas line from their property and which services the defendant, Lucy C. Campbell's property. Defendant acknowledges plaintiffs' ownership of the land in question, but contends such ownership is subject to a right-of-way for the gas line.

The issue before this court is whether the plaintiffs had notice of the gas line, and if so, did such knowledge constitute an easement by implication where no instrument was ever filed of record in the Recorder of Deeds office.

## FINDINGS OF FACT

1. Lucy C. Campbell and Joseph Campbell were husband and wife and in 1951, purchased a parcel of ground situate in Hempfield Township, Westmoreland County, Pa. Joseph Campbell is now deceased.

2. On December 12, 1951, Emma Belle Meek, executed an unrecorded agreement with Joseph R. Campbell and Lucy C. Campbell, giving them a right-of-way to place a gas service line to their property. At that time, the meter location for the service line was located in the basement of Emma Bell Meek.

3. On December 15, 1963, Emma Bell Meek also granted to the Peoples Natural Gas Company an unrecorded right-of-way across their property for the purpose of constructing a service line, domestic high pressure regulator and meter on their property, to service the property of Joseph Campbell.

4. The line was constructed by Joseph Campbell and a meter was placed on the (Meek) (Semenko) property, directly adjacent to the meter that services the (Meek) (Semenko) home.

5. Robert G. Semenko and Elaine L. Semenko, his wife, plaintiffs herein, purchased from Emma

Belle Meek the parcel of ground directly adjacent to the Campbell property, on September 29, 1977.

6. There are two gas meters situated side by side on plaintiff's ground, the pipes of which both lead down into the ground.

7. Prior to the date of closing of the purchase from Emma Belle Meek by the Semenkos, Mr. Semenko inquired as to why there were two meters on their property; and he was informed by the owner, that the meter serviced one of the neighbors.

8. Plaintiffs had actual or constructive knowledge of the existence of the gas meter and gas line which are the subject of this proceeding.

9. The gas line and easement was open, visible, permanent and continuous.

10. The transaction was closed with Emma Belle Meek and the plaintiffs moved onto the premises; and at a later time, requested that Mrs. Campbell, now a widow, remove the line from their premises, at her expense.

11. Plaintiffs' action in ejectment requests removal of the gas line from plaintiffs' premises at the cost of defendant.

## CONCLUSIONS OF LAW

1. A bona fide purchaser of real property purchases the land free and clear of any unrecorded instruments and documents.

2. Unrecorded rights-of-way affecting the title and which do not appear of record may be discovered by inspection of the property and inquiry of the occupant. Ladner, Conveyancing in Pennsylvania, Sec. 19.19, page 18.

3. A grantee takes subject to any visible and notorious easements without express mention of it in the Deed. Ladner Conveyancing in Pennsylvania,

Chapter 11 and Section 9.04(i); Blauser v. Carson, 74 Pa. Super. 223, (1920).

## DISCUSSION

The law of this Commonwealth provides that an easement may arise by implication. Thus, if an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part, and then conveys either part, the purchaser takes subject to the burden or benefit, as the case may be, even though not mentioned in the deed. The grant or reservation of the easement is implied from the conveyance.

If the easement is of an open and notorious character (i.e., apparent), the purchaser of the land subject to it is charged with notice of it, and knowledge of the facts which he could have acquired by the exercise of ordinary diligence is imputed to him. Anania v. Serenta, 275 Pa. 474, 119 Atl. 547, (1923).

A valve box plainly apparent is sufficient notice of an implied easement for an underground water main in an unopened street. Reading Company v. Maguire, 82 D. & C. 599 (1952). A telephone cable, partly underground and partly above ground is also sufficient notice of an implied easement to bind a grantee. Bajor v. Bell Telephone Company of Pennsylvania, 86 D. & C. 1959 (1953).

Plaintiffs' own testimony establishes they were aware of the existence of the gas meter servicing defendant's property. Furthermore, Mr. Semenko admitted that he made inquiry of Mrs. Meek, his grantor, who indicated that this meter serviced a neighboring property. Mr. Semenko further responded, on cross-examination, that he knew the line had to go somewhere.

## ORDER

And now, this November 10, 1982, it is hereby ordered, adjudged and decreed the complaint in ejectment of plaintiffs, Robert G. Semenko and Elaine L. Semenko, his wife, is dismissed.