**John G. BARON, on behalf of himself and derivatively on behalf of Allied Artists Pictures Corporation, Appellant,**

**v.**

**ALLIED ARTISTS PICTURES CORPORATION, Kalvex, Inc., PSP, Inc., Allied Artists Industries, Inc., Price Waterhouse & Co., Emanuel Wolf, Robert Sisk, Jack Sattinger, Peter Strauss, Carl Prager, Herbert Blumenthal, Robert Sabel, William Lurie, Jay Feldman, Joseph Gruenberg, Andrew Jaeger, Stuart Marks, Robert Ingis, and Abraham Reback.**

No. 82–1720.

United States Court of Appeals, Third Circuit.

Argued June 1, 1983.

Decided Sept. 19, 1983.

John C. Phillips, Jr., Wilmington, Del., David M. Olasov (argued), Edward & Angell, New York City, for appellant; Michael R. Newman of Miller & Daar, Beverly Hills, Cal., of counsel.

Edmund N. Carpenter, II, William J. Wade, Richards, Layton & Finger, Wilmington, Del., for Price Waterhouse; Bartlett H. McGuire (argued), Paul W. Bartel, II, Davis, Polk & Wardwell, New York City, of counsel.

Stephen P. Lamb (argued), Skadden, Arps, Slate, Meagher & Flom, Wilmington, Del., for Robert J. Sisk; Jeffrey Glekel, Dana H. Freyer, Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel.

Dannenberg, Hazen & Lake, New York City, for William Lurie; Lee Hazen, New York City, of counsel.

Before GIBBONS and BECKER, Circuit Judges, and WEBER, District Judge.*

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

John G. Baron, a stockholder in Allied Artists Pictures Corporation (Allied Pictures) appeals from a summary judgment dismissing his complaint as time barred.[1] The complaint is brought on his own behalf and derivatively on behalf of Allied Pictures against Allied Artists Industries (Allied Industries), Price Waterhouse & Co., and a number of individual defendants. It seeks money damages and declaratory relief with respect to a merger between Allied Pictures and Allied Industries which consummated on January 20, 1976. Proxy solicitations were made for the merger pursuant to a Proxy Statement and Prospectus dated November 24, 1975, and the complaint alleges that this document was false and misleading. Baron's complaint was filed in the district court on January 19, 1979.[2] That court held that it is time barred by virtue of Del.Code Ann. Tit. 10, § 8106 (1974). We reverse.

### I.

The proxy solicitation materials on which Baron relies as false and misleading were, as noted above, issued on November 24, 1975. It is undisputed that at least by December 17, 1975 Baron was aware of the deficiencies in those statements upon which he relies, for on that date he filed in the Delaware Chancery Court an action seeking to enjoin the merger.[3] The parties agree that no federal statute of limitations applies, and that the appropriate state statute to borrow is Del.Code Ann. Tit. 10, § 8106, which provides:

No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on

---

* Hon. Gerald J. Weber, United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The order granting summary judgment was entered in favor of Price Waterhouse & Co. Later a stipulation was filed making it applicable to each of the defendants who were served. A stipulation of dismissal was filed as to one defendant who was not served. Thus we have appellate jurisdiction under 28 U.S.C. § 1291 (1976).

2. Although the complaint was filed on January 19, 1979 it was not served until almost a year

later. A motion to dismiss for failure to prosecute with due diligence was made by Price Waterhouse & Co. but was not passed upon by the district court.

3. That court lacked jurisdiction to grant relief for a violation of section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) (1976), because section 27 of that Act vests exclusive jurisdiction in the United States District Courts. 15 U.S.C. § 78aa (1976).

a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; ....

We are called upon in this appeal to determine when the cause of action alleged in Baron's complaint accrued. If, as the defendants contend, it accrued no later than December 17, 1975, when Baron had knowledge of the alleged deficiencies in the proxy solicitation materials, the three-year limitations period expired on December 17, 1978. The district court so held, reasoning that the statute of limitations on Baron's federal law cause of action commenced running as soon as he had knowledge of the defendants conduct, violative of section 14(a), of which he complains. Baron urges, however, that the cause of action for damages which he pursues both on his own behalf and derivatively did not accrue until such time as he could first have maintained a damage action to a successful conclusion. That, he urges, was when the damages occurred by the consummation of the merger on January 20, 1976. Since the complaint was filed within three years of that date, under Baron's theory it was timely.

To put the respective positions of Baron and the defendants in context, it is necessary to review briefly the seminal case of *J.I. Case Co. v. Borak,* 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). That case started with the filing of a two-count complaint. One count alleged diversity jurisdiction. The second relied for jurisdiction on section 27 of the Securities Exchange Act of 1934. 15 U.S.C. § 78aa (1976). Both sought injunctive relief against a merger for which allegedly misleading proxy statements had been solicited. No preliminary injunctive relief was granted and, as here, the merger was consummated. Thereafter Borak filed an amended complaint charging that the use of the proxy materials, obtained in violation of section 14(a) of the Act and rule 14a–9 of the Securities and Exchange Commission, caused damage to the corporation and its shareholders. The Supreme Court held that the derivative complaint seeking damages resulting from the consummation of the merger stated a cause of action which could be entertained by virtue of the jurisdiction conferred in section 27 over "suits in equity and actions at law brought to enforce any liability or duty created by this title." 377 U.S. at 433. It expressly rejected the contention that remedies for violation of section 14 are limited to prospective relief. *Id.* at 434, 84 S.Ct. at 1560.

The situation in *Borak* and in this case are analytically similar. In *Borak* the diversity plaintiff was unsuccessful in preventing a merger. Here Baron's state court efforts to prevent the merger proved to be equally unavailing. In *Borak* the Court recognized a derivative cause of action for the damages which accrued as a consequence of the merger. Baron seeks such damages. Further, common to both cases is the plain and indisputable fact that had either succeeded in obtaining an injunction no damages would have been inflicted. *Borak* did not involve a statute of limitations issue. It did, however, recognize that there is a separate cause of action for damages resulting from the unjustifiable use of proxies obtained in violation of section 14. The Court reasoned that recognition of such a separate cause of action was necessary for "if the law of the State happened to attach no responsibility to the use of misleading proxy statements, the whole purpose of the section might be frustrated." 377 U.S. at 434–35, 84 S.Ct. at 1561. The holding in *Borak* that use of a misleading proxy statement is separately actionable was reiterated unequivocally in *Mills v. Electric Auto-Lite,* 396 U.S. 375, 383, 90 S.Ct. 616, 621, 24 L.Ed.2d 593 (1970).

When, then, does a cause of action for damages flowing from the unjustifiable use of proxies obtained in violation of section 14 accrue? The district court held that it accrues when the plaintiff has sufficient knowledge of the misleading nature of the proxies that he could bring an action under section 27 for injunctive relief. That analysis is in our view inconsistent with the court's recognition in *Borak* of a separate

cause of action for damages. The cause of action for damages is in the nature of an action in tort for breach of the fiduciary duty to refrain from making use of illegal proxies to the detriment of the corporation and its stockholders. If Borak had succeeded in enjoining the use of the proxies, such a cause of action would never have accrued. The cause of action recognized by the Supreme Court could never have been prosecuted to a successful conclusion because a necessary element of an action for damages is actual injury.

█ It is a rule of general application that a cause of action for the recovery of damages accrues only when it could be prosecuted to a successful conclusion. *E.g., United States v. Wurts,* 303 U.S. 414, 418, 58 S.Ct. 637, 82 L.Ed. 932 (1938); *Grayson v. Harris,* 279 U.S. 300, 304–05, 49 S.Ct. 306, 73 L.Ed. 700 (1929); *City of Philadelphia v. Lieberman,* 112 F.2d 424, 428 (3d Cir.1940). Delaware, whose statute of limitations governs, adheres to that rule. "A cause of action for breach of contract accrues at the time of the breach and a cause of action in tort accrues at the time of the injury." *Nardo v. Guido DeAscanis & Sons, Inc.,* 254 A.2d 254, 256 (Del.Super.Ct.1969). The state recognizes "the basic rule that, in general, the statute of limitations begins to run from the date of the injury caused by the defendant. . . ." *Lembert v. Gilmore,* 312 A.2d 335, 337 (Del.Super.Ct.1973). The United States District Court in Delaware has consistently recognized as much. *Rose Hall, Ltd. v. Chase Manhattan Overseas Bank,* 494 F.Supp. 1139, 1157 (D.Del.1980); *Oliver B. Cannon & Son, Inc. v. Fidelity & Casualty Co.,* 484 F.Supp. 1375, 1388 (D.Del. 1980); *Freedman v. Beneficial Corp.,* 406 F.Supp. 917, 922 (D.Del.1975).

█ The district court held, however, that when state statutes of limitations are borrowed, federal standards determine the question of accrual. Certainly which state statute of limitations should be borrowed is a question of federal law. *E.g., Knoll v. Springfield Township School District,* 699 F.2d 137, 141 (3d Cir.1983); *Biggans v. Bache*

*Halsey Stuart Shields,* 638 F.2d 605, 607 & n. 3 (3d Cir.1980); *Roberts v. Magnetic Metals Co.,* 611 F.2d 450, 452 (3d Cir.1979). In addition, with respect to federal law causes of action, it is well settled that federal standards determine when concealment tolls the running of a state statute of limitations otherwise applicable. *Holmberg v. Armbrecht,* 327 U.S. 392, 395–97, 66 S.Ct. 582, 90 L.Ed. 743 (1946). Moreover the question of when a cause of action is so complete that it may be enforced by suit, and thus has accrued, is a federal question. *Cope v. Anderson,* 331 U.S. 461, 464, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602 (1947); *Rawlings v. Ray,* 312 U.S. 96, 98, 61 S.Ct. 473, 474, 85 L.Ed. 605 (1941). Thus we agree with the district court that when the cause of action alleged in the complaint accrued for purposes of the application of Del.Code Ann. Tit. 10, § 8106 (1974) is in this case a federal law question.

█ Where we part company with the district court, however, is in the identification of the question. In deciding the question of when the cause of action was so complete that it could be successfully prosecuted to completion, a determination such as that in *Cope v. Anderson* and *Rawlings v. Ray,* the court applied the knowledge test which determines the quite different question of when concealment permits tolling. *See Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). The policy issues involved in these separate questions are not identical. For purposes of tolling we look to reasons why, in equity, a cause of action which could have been prosecuted to completion within the period of the statute of limitations had the plaintiff known about it, may still be brought during some longer period. When, as here, knowledge is not disputed, there is no federal policy suggesting that the generally accepted test for the accrual of a cause of action—whether the action could be prosecuted to a successful completion—should not govern.

Indeed the rule announced by the district court, that knowledge of the violation of a substantive federal standard, rather than fact of injury, determines the accrual of a

direct or derivative action for money damages, would be likely to have unfortunate ramifications. There are federal statutes with respect to which plaintiff standing to seek money damages and to seek injunctive relief is not identical. *See, e.g., Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* 429 U.S. 477, 491, 97 S.Ct. 690, 698, 50 L.Ed.2d 701 (1977) (no standing to sue for treble damages under section 4, Clayton Act; remand for consideration of injunctive relief under section 16, Clayton Act). The necessary effect of the trial court's confusion of the separate issues of accrual and tolling would be to encourage lawsuits which in many instances would be premature. It is often the case that litigation seeking injunctive relief with respect to conduct allegedly violating some regulatory scheme lasts longer than the period specified in a statute of limitations. If preliminary injunctive relief has been granted, on behalf of the United States or a third party, thereby insulating a potential plaintiff from actual injury, no reason suggests itself that should require the filing of a lawsuit in anticipation of injury merely because the potential plaintiff knows of the violation.

Had Baron filed his complaint seeking money damages caused by anticipated use of the proxies in consummation of the merger, that complaint would properly have been dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which money damages could be awarded. Until the plaintiff can allege facts which would survive such a motion, his cause of action for damages, personal or derivative, has not accrued. Until it has accrued the statute of limitations does not come into operation. Thus the court erred in dismissing the complaint on the authority of Del.Code Ann. Tit. 10, § 8106 (1974).

## II.

Perhaps recognizing that the cause of action pleaded in the complaint did not accrue until January 20, 1976, the defendants urge as a separate ground for affirmance the fact that the complaint was not served for over a year after it was filed. The United States Magistrate to whom the Price Waterhouse motion to dismiss was referred recommended to the district court that this ground for dismissal should be rejected. In making that recommendation the magistrate relied on the approving citation in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 751 n. 11, 100 S.Ct. 1978, 1985 n. 11, 64 L.Ed.2d 659 (1980), and in *Ragan v. Merchants Transfer Co.,* 337 U.S. 530, 533, 69 S.Ct. 1233, 1234, 93 L.Ed. 1520 (1949) of Judge Learned Hand's decision in *Bomar v. Keyes,* 162 F.2d 136, 141 (2d Cir.), *cert. denied,* 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947). The district court did not consider the possible effect of delay in issuance and service of the summons. Baron here takes issue with the defendants' version of the reason for the delay in service. In these circumstances we deem it inappropriate to consider the delay in issuance and service of the summons as an alternative ground for affirmance. The present record is not adequate for the resolution of that question.

## III.

The summary judgment in favor of the defendants will be reversed and the case remanded for further proceedings.