**Regina S. KUCERA, Appellant,**

v.

**METROPOLITAN LIFE INSURANCE CO.**

No. 83–5002.

United States Court of Appeals, Third Circuit.

Argued Sept. 12, 1983.

Decided Oct. 25, 1983.

---

John E. Quinn, Sikow & Love, P.A., Pittsburgh, Pa., for appellant.

Craig W. Jones, Reed Smith Shaw & McClay, Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and GIBBONS and ROSENN, Circuit Judges.

**OPINION OF THE COURT**

GIBBONS, Circuit Judge:

In this removed diversity case Regina Kucera, a named beneficiary in a life insurance policy, appeals from a summary judgment in favor of Metropolitan Life Insurance Company. Summary judgment was granted on the sole ground that suit on the policy was time barred by the Pennsylvania six-year statute of limitations applicable to contract actions. 42 Pa.Cons.Stat.Ann. § 5527(2) (Purdon 1981). The trial court held that the action was time barred in September, 1980, while Mrs. Kucera's complaint was filed on December 29, 1981. Because Mrs. Kucera's cause of action as a beneficiary did not arise until the death of the named insured on July 2, 1979, we reverse, and remand for further proceedings.

Glenn Kucera, an employee of Metropolitan Life Insurance Company, applied for a $50,000 term life insurance policy on March 14, 1974. Following an examination of Mr. Kucera by a physician, Metropolitan's home office issued a policy on May 1, 1974. It was mailed the following day to Metropolitan's McKeesport office, where Mr. Kucera was employed. He received it on May 6, 1974 and kept it in his desk. Kucera intended to pay the premium through a payroll deduction. The first payroll deduction was made on June 7, 1974. Meanwhile, however, on May 15, 1974 Kucera was hospitalized. Upon his release from the hospital, on June 19, 1974, Kucera completed Metropolitan Form 074 notifying Metropolitan of his hospitalization, and paid $26.50, the amount of the initial premium. He returned to work in August, but was hospitalized again in September and October. Meanwhile payroll deductions continued, aggregating, by October, $109.98.

In September of 1974 Metropolitan, based on the information in the Form 074 which Kucera had furnished in June, declined to "place" the policy and requested the McKeesport office to return it. Metropolitan also sent Kucera a check for $26.50

which was cashed. While Kucera was in the hospital the policy was removed from his desk and returned to the home office. Metropolitan asserts defenses of nonpayment of premium, and of noncompliance with the term of the application providing that "the Company will incur no liability by reason of this application until a policy has been delivered and the full first premium specified therein has actually been paid to and accepted by the Company." App. at 10. Both parties concede, however, that there are issues of material fact which would prevent summary judgment on these grounds.[1]

It is undisputed that both Mr. Kucera and Mrs. Kucera knew, in the fall of 1974, that the Manager of Metropolitan's McKeesport office had returned the policy to the home office. Indeed Mrs. Kucera was aware that in her husband's view the removal of the policy from his desk while he was in the intensive care unit of a hospital following a heart attack was an injustice, which upset him.

Upon Mr. Kucera's death in July of 1979 Mrs. Kucera submitted proof of death and requested payment as the named beneficiary. There was correspondence between her and representatives of Metropolitan about the claim. Finally in late April of 1981 she received a letter in which Metropolitan denied liability. On May 13, 1981 she requested additional information. On December 29, 1981 she filed her complaint in the Court of Common Pleas of Allegheny County, and it was removed to the district court.

It is undisputed that if a policy issued (as to which there is a material factual dispute) Mr. Kucera was its owner. The ownership clause provides:

Ownership—The Owner may exercise all rights under this policy during the lifetime of the Insured.

The Owner may designate a new Owner and designate or change a Contingent Owner. The Contingent Owner will, if living, become the Owner in the event that the Owner does not survive the Insured.

If a new Owner or Contingent Owner is designated, then, unless otherwise specified, any prior designation of a Contingent Owner, Beneficiary, or Contingent Beneficiary will automatically be voided. Unless otherwise specified, all rights under this policy are vested in the Owner, or in the Owner's estate, successors, or assigns.

Beneficiary—The Owner may designate or change the Beneficiary or Contingent Beneficiary during the lifetime of the Insured.

App. at 39.

Since Mr. Kucera had the absolute right to change beneficiaries during his lifetime, his designation of Mrs. Kucera as the beneficiary gave her no interest in the policy. Thus until her husband's death on July 2, 1979 she had no contractual rights against Metropolitan. "It is clear that the mere naming of a beneficiary on a life insurance policy vests nothing in that person ...." *Equitable Life Assur. Soc. v. Stitzel*, 299 Pa.Super. 199, 204, 445 A.2d 523, 525 (1982). The beneficiary's mere expectance becomes a vested right against the company only upon the death of the insured. *Quinten v. United States Steel Corp.*, 186 Pa.Super. 384, 392, 142 A.2d 370, 374–75 (1958). *See also Provident Mut. Life Ins. Co. of Philadelphia v. Ehrlich*, 508 F.2d 129, 134 (3d Cir.1975) (right to change beneficiary is personal to insured which cannot be abrogated by insurer); *Sussman v. New York Life Ins. Co.*, 32 F.Supp. 88, 88–89 (E.D.Pa.1940) (named beneficiary has no vested interest in policy or its proceeds during insured's lifetime).

1. These include whether Metropolitan's practices with respect to payroll deductions for employees made the provision in the application form about payment of the first premium inapplicable, whether the Company's announced position on cancellation made it unnecessary for the insured to continue tendering premium payments, and whether the waiver of premiums disability benefit in the policy became operative. Mr. Kucera retired on disability in early 1975, having by then been hospitalized several times. He may have been disabled within the meaning of the policy at an earlier date.

It is a rule of general application that a cause of action accrues for limitations purposes only when it could be prosecuted to a successful conclusion. *E.g., United States v. Wurts,* 303 U.S. 414, 418, 58 S.Ct. 637, 639, 82 L.Ed. 932 (1938); *Grayson v. Harris,* 279 U.S. 300, 304–05, 49 S.Ct. 306, 307, 73 L.Ed. 700 (1929); *Baron v. United Artists,* 717 F.2d 105, 108 (3d Cir.1983); *City of Philadelphia v. Lieberman,* 112 F.2d 424, 428 (3d Cir.), *cert. denied,* 311 U.S. 679, 61 S.Ct. 48, 85 L.Ed. 438 (1940). The rule in Pennsylvania is no different than elsewhere. "[A] cause of action accrues ... when one has the right to institute a suit." *Bell v. Brady,* 346 Pa. 666, 669, 31 A.2d 547, 549 (1943). "A cause of action accrues at the moment the party has a legal right to sue." *Philadelphia, B. & W.R. Co. v. Quaker C.F.M. Co.,* 282 Pa. 362, 367, 127 A. 845, 847 (1925). If a contract is conditional, the statute of limitations runs from the time the condition is performed or exists. *Tonkin v. Baum,* 114 Pa. 414, 7 A. 185 (1886).[2] Metropolitan has referred us to no authority in Pennsylvania suggesting that prior to her husband's death there was any claim against it which Mrs. Kucera had standing to assert.[3]

The trial court reasoned that if a breach of contract occurred, the occurrence was in September of 1974, and because Mrs. Kucera had knowledge of that breach, the six year time bar in 42 Pa.Con.Stat.Ann. § 5527(2) (Purdon 1981) for "[a]n action upon a contract" began running against her then. The court's reasoning ignores the indisputable fact that she had no contract right of any kind until July 2, 1979, when the named insured died.

It is true, of course, that the beneficiary's contract rights against an insurance company are derivative of the policy owner's rights. Thus it may well be that Metropolitan has valid defenses to Mrs. Kucera's contract action based upon the owner's failure to pay premiums or other conduct. Mr. Kucera's conduct, however, was not the basis for the summary judgment. Nor could it have been, for as noted above, there are material factual issues bearing upon its significance.

The judgment appealed from will be reversed and the case remanded for trial.

ROSENN, Circuit Judge, dissenting.

I agree with the majority that if an insurance policy between Metropolitan Life Insurance Company (Metropolitan) and Glenn Kucera was in force at the time of the latter's death, Regina Kucera had an independent cause of action under the policy as the beneficiary. Thus, the majority is correct in holding that her cause of action for the face amount of the policy allegedly issued did not arise until the death of the named insured on July 2, 1979. Regina Kucera's claim, however, cannot survive a motion for summary judgment unless she can raise a material question of fact as to whether a policy was in force. Her claim is based entirely on the allegation that Metropolitan wrongfully terminated Glenn Kucera's policy. At the time that Regina Kucera brought this suit, any cause of action for wrongful termination of the policy was barred by the statute of limitations. The district court correctly ruled that because there had been no claim brought within the

**2.** *See also Pollock v. Pittsburgh B. & L.E.R.,* 275 Pa. 467, 119 A. 547 (1923); *Noonan v. Pardee,* 200 Pa. 474, 50 A. 255 (1901); *Myers v. USAA Cas. Ins. Co.,* 298 Pa.Super. 366, 373–74, 444 A.2d 1217, 1221 (1982); *Rudman v. City of Scranton,* 114 Pa.Super. 148, 152, 173 A. 892, 894 (1934); *Bolender v. Farm Bureau Mutual Ins. Co.,* 474 F.2d 1360, 1362 (3d Cir.1973).

**3.** Metropolitan relies on *Hungerpiller v. Acacia Mut. Life Ins. Co.,* 194 S.C. 264, 9 S.E.2d 553 (1940), holding that statute of limitations runs against the named beneficiary from the date of cancellation for nonpayment of premiums. *But*

*see Callender v. Lamar Life Ins. Co.,* 182 Miss. 609, 182 So. 119 (1938) (beneficiary may treat policy as still in force and sue when on death of insured it becomes due). *Hungerpiller* has not been followed by any other court, and would not, in our view, be followed by the Supreme Court of Pennsylvania. It may, in any event, have turned on a particular policy provision giving the beneficiary ownership rights. Moreover, the opinion suggests that the directed verdict which it affirmed may have rested on another defense: lapse for nonpayment of premiums.

limitations period to reinstate the policy, the policy was no longer in force, and therefore Regina Kucera's claim did not raise a material question of fact. As I believe that the district court properly granted the defendant's motion for summary judgment, I respectfully disagree with the majority and would affirm.

The predicate for Regina Kucera's claim arises out of the alleged unilateral termination and recovery of the policy by Metropolitan in 1974 when it discovered that the insured had a heart condition for which he had been hospitalized. The complaint alleges, inter alia, that "the Defendant unilaterally, without justification and without any breach of said contract of insurance by the insured declared the policy to have been 'not placed' and/or not properly delivered and/or not in effect as of the date of issuance." Complaint at ¶ 18. Further, paragraph 19 of the complaint alleges: "The insured at all times, stood ready and willing to pay the premiums required under the subject life insurance policy to the Defendant, but was prevented from doing so by the Defendant's unilateral and unjustified insistence that the policy was not in effect and the Defendant's refusal to accept any further premium payments from the insured."

The foregoing allegations of the complaint essentially charge that the insurer wrongfully terminated or cancelled the policy of insurance that is the basis of plaintiff's claim. Under those allegations, a cause of action for the breach of contract immediately accrued to the insured, Glenn Kucera, upon the wrongful termination. The statute of limitations as to that cause of action began to run against the insured upon the alleged wrongful breach and did not stop running upon his death. "The statute [of limitations] runs against the right of action, not the holder thereof." *O'Connell v. Chicago Park Dist.*, 376 Ill. 550, 557, 34 N.E.2d 836, 840 (1941). Whatever cause of action the decedent possessed at the time of his death inured to the benefit of his personal representative and ultimately became barred under Pennsylvania law six years after the alleged breach.[1]

As I read the district court's opinion in this case, it granted summary judgment on the ground that the insured's claim for alleged wrongful breach of the insurance contract was untimely because "the Pennsylvania six-year Statute of Limitations had run on the claim before the complaint was filed." *Kucera v. Metropolitan Life Insurance Co.*, No. 82–109, slip op. at 1 (W.D.Pa. Dec. 2, 1982). In support of the decision, the district court found certain material facts that it stated did not appear to be in dispute. Application for the policy of insurance was not effective until the first premium was paid. The policy was delivered to the decedent on May 6, 1974, but remained at his office where the decedent was the sales manager for the McKeesport office of Metropolitan. The district court found that the insured was hospitalized for a heart condition on May 15, 1974, and several times thereafter. He retired from employment on disability in early 1975. Although he had planned to pay the premium by payroll deduction, the insured paid the initial premium of $26.50 on June 19, 1974, and contemporaneously filed a form acknowledging his hospitalization. *Kucera* slip op. at 2–3. The court also found:

> On September 4, 1974, Metropolitan, having received the form, notified the McKeesport office that the policy could not be placed and asked that the policy be returned to the home office. It was returned and on September 9, 1974, Defendant refunded the initial premium of $26.50 by check and decedent cashed the check on September 11, 1974.

> .     .     .     .     .

> The decedent was aware that the policy had been returned to his employer prior to September 11, 1974, when he cashed the refund check for $26.50. He made no

---

1. Had the plaintiff been designated as the personal representative of the insured, she could have brought the suit within the remaining statutory period following the insured's death, and if she were not designated, she, as beneficiary under the alleged policy, could have compelled the personal representative to bring the appropriate action.

claim .... In her deposition [the plaintiff] related that her husband "had gotten notice that it had been cancelled or it had been refused."

*Kucera,* slip op. at 3. The district court found that if there was a breach it occurred on September 9, 1974, at the latest, "when the check for the premium was returned." *Kucera,* slip op. at 5.

Thus, as I read the district court's opinion, the insured's claim for breach of contract was barred on September 8, 1980. Regina Kucera commenced this action on December 29, 1981. If a promisee may not enforce an agreement, "[i]t would be patently unjust to allow a mere donee beneficiary to enforce it." *Williams v. Paxson Coal Co.,* 346 Pa. 468, 472, 31 A.2d 69, 71 (1943). *See Simmons v. Western Assured Co.,* 205 F.2d 815, 819 (5th Cir.1953) (the third-party beneficiary of an insurance contract "can acquire no better right to enforce the contract than that held by the contracting parties themselves"); 2 S. Williston, *A Treatise on the Law of Contracts,* § 364A (3d ed.1959).

The district court found that the insured's claim for the wrongful termination of the contract of insurance had been barred by the Pennsylvania statute of limitations prior to the filing of the plaintiff's complaint. The plaintiff's claim could not rise any higher than that of the insured, and therefore she could not successfully demonstrate wrongful termination.

Although the district court's opinion may not be a model of clarity and might have explained the effect of the insured's time-barred claim upon the plaintiff's cause of action, the court nonetheless properly entered summary judgment for the defendant. I would therefore affirm the judgment of the district court.